UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

MATTHEW POE,
      Plaintiff,

v.                                           Case No. 24-C-1606

KENOSHA COUNTY JAIL OFFICERS, et al.,
      Defendants.

## SCREENING ORDER

Plaintiff Matthew Poe, an individual incarcerated at the Kenosha County Detention Center, filed a pro se complaint under 42 U.S.C. § 1983 alleging that the defendants violated his civil rights. This order resolves plaintiff's motion for leave to proceed without prepaying the filing fee and screens his complaint.

**I. MOTION FOR LEAVE TO PROCEED WITHOUT PREPAYING THE FILING FEE**

The Prison Litigation Reform Act ("PLRA") applies to this case because plaintiff was a prisoner when he filed his complaint. *See* 28 U.S.C. § 1915(h). The PLRA allows the court to give a prisoner plaintiff the ability to proceed with his case without prepaying the civil case filing fee. 28 U.S.C. § 1915(a)(2). When funds exist, the prisoner must pay an initial partial filing fee. 28 U.S.C. § 1915(b)(1). He must then pay the balance of the $350 filing fee over time, through deductions from his prisoner account. *Id.*

On December 30, 2024, I ordered that plaintiff was not required to pay an initial partial filing fee. ECF No. 8. I will grant plaintiff's motion for leave to proceed without prepaying the filing fee. He will be required to pay the full $350 filing fee over time in the manner explained at the end of this order.

## II. SCREENING THE COMPLAINT

### A.   Federal Screening Standard

Under the PLRA, I must screen complaints brought by prisoners seeking relief from a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). I must dismiss a complaint if the prisoner raises claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b).

In determining whether the complaint states a claim, I apply the same standard that applies to dismissals under Federal Rule of Civil Procedure 12(b)(6). *See Cesal v. Moats*, 851 F.3d 714, 720 (7th Cir. 2017) (citing *Booker-El v. Superintendent, Ind. State Prison*, 668 F.3d 896, 899 (7th Cir. 2012)). To state a claim, a complaint must include "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). The complaint must contain enough facts, "accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when plaintiff pleads factual content that allows a court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (citing *Twombly*, 550 U.S. at 556).

To state a claim for relief under 42 U.S.C. § 1983, a plaintiff must allege that someone deprived him of a right secured by the Constitution or laws of the United States, and that whoever deprived him of this right was acting under the color of state law. *D.S. v. E. Porter Cty. Sch. Corp.*, 799 F.3d 793, 798 (7th Cir. 2015) (citing *Buchanan–Moore v. County of Milwaukee*, 570 F.3d 824, 827 (7th Cir. 2009)). I construe pro se complaints

liberally and hold them to a less stringent standard than pleadings drafted by lawyers. *Cesal*, 851 F.3d at 720 (citing *Perez v. Fenoglio*, 792 F.3d 768, 776 (7th Cir. 2015)).

**B.      Plaintiff's Allegations**

Plaintiff's complaint is very brief. It names Kenosha County Jail, unnamed Jail officers, and Naph Care as defendants. Plaintiff asserts that his "rights were violated by Kenosha County Jail and Naph Care." ECF No. 1 at 2. He says the Jail "provided unsanitary conditions" in the showers, mattresses, and cell. *Id.* He says Naph Care provided inadequate medical care. He says these conditions existed during his "whole stay" at the Jail and may have occurred because the Jail "is understaffed." *Id.* Plaintiff seeks damages. He asks the court to "tell the Jail to allow the shower to get sanitized and issue fresh clean mattress through out [sic] the Jail." *Id.* at 4. He also wants Naph Care "to be more attentive to the needs of Patiences [sic]." *Id.*

Plaintiff attached twenty-two pages of exhibits to the complaint. ECF No. 1-1. The complaint does not reference these exhibits, which are in no discernible order. Since filing the complaint, plaintiff has filed several supplement letters and about 175-pages of additional exhibits. ECF Nos. 6, 7, 9, 10. Plaintiff does not reference or explain these exhibits, which are mostly medical records and grievances.

**C.      Analysis**

Plaintiff cannot proceed on the complaint as alleged for several reasons. First, the complaint does not name a proper defendant. Section 1983 claims must be brought against people, and neither the Kenosha County Jail nor Naph Care is a "person" that may be sued under § 1983. *See Smith v. Knox County Jail*, 666 F.3d 1037, 1040 (7th Cir. 2012). Plaintiff also seeks to proceed against unnamed Jail officers. But he does not

identify these officers, say how many officers he wants to sue, or provide any information to identify them. This is insufficient to proceed under § 1983. *See Cash v. Marion Cty. Jail*, 211 F. App'x 486, 488 (7th Cir. 2006) (affirming district court's dismissal of suit naming Marion County Jail "staff" as defendants because "the 'staff' of the MCJ [is not] a person under § 1983" and may not be sued as such).

Construing plaintiff's claims as alleged against Kenosha County and Naph Care, the complaint fails to state a claim on which relief may be granted. A municipality, like Kenosha County, and a private company acting under color of state law, like Naph Care, may be liable only if they violated his rights pursuant to an official policy, custom, or practice. *See Monell v. New York City Dep't of Soc. Servs.*, 436 U.S. 658, 691, 694 (1978); *Shields v. Illinois Dep't of Corr.*, 746 F.3d 782, 789, 796 (7th Cir. 2014). Plaintiff does not allege that the conditions about which he complains were related to an official policy, custom, or practice of Kenosha County or Naph Care. He suggests that Jail understaffing is to blame, but that alone is not enough to confer liability for the conditions on Kenosha County.

Plaintiff's supplements identify officers who he may believe are responsible for violating his rights. But plaintiff cannot litigate his case "piecemeal" through a complaint and supplemental pleadings, each adding a claim or defendant. *See Markovic v. Milwaukee Secure Det. Facility*, No. 19-CV-675-JPS, 2019 WL 6729198, at *1 (E.D. Wis. Dec. 11, 2019); *Jenkins v. City of Kenosha*, No. 17-CV-1779-JPS, 2018 WL 2727904, at *3 (E.D. Wis. June 6, 2018). Plaintiff instead must file a single, complete complaint identifying all responsible defendants and asserting all claims for relief.

Even if plaintiff had identified proper defendants, he does not provide any facts in support of his claims. He merely asserts that the conditions of his confinement violated

his rights. As I explain above, a complaint must include "a short and plain statement of the claim" accompanied by *facts* showing why plaintiff believes he is entitled to relief. Fed. R. Civ. P. 8(a)(2). Plaintiff's conclusory allegations that the defendants violated his rights, without any *facts* explaining the basis for those conclusions, do not satisfy that standard and are not entitled to be assumed true. *See Iqbal*, 556 U.S. at 678–79.

For all these reasons, plaintiff's complaint does not state a claim. But it is possible plaintiff may state a claim with additional detail, I will provide him an opportunity to amend his complaint to correct the deficiencies noted and better explain the claims in his complaint.

When writing his amended complaint, plaintiff should provide the court with enough facts to answer the following questions: (1) Who (identify the people) violated his constitutional rights?; (2) What did each person do (describe the facts) to violate his rights?; (3) Where did each person violate his rights?; and (4) When (provide the year, month, and day) did each person violate his rights? Plaintiff's amended complaint does not need to be long or contain legal language or citations to statutes or cases, but it does need to provide the court and each defendant with notice of what each defendant allegedly did or did not do to violate his rights. Plaintiff does not need to include medical records, grievances, or other exhibits or attachments with his amended complaint.

The court is enclosing a copy of its amended complaint form and instructions. Plaintiff must list all defendants in the caption of his amended complaint. He should use the spaces on pages two and three to allege the key facts that give rise to the claims he wishes to bring, and to describe which defendants he believes committed the violations that relate to each claim. If the space is not enough, plaintiff may use up to five additional

sheets of paper. The amended complaint takes the place of the prior complaint and must be complete, without reference to his prior complaint or supplements.

### III. CONCLUSION

For the reasons stated, **IT IS ORDERED** that plaintiff's motion for leave to proceed without prepaying the filing fee (ECF No. 2) is **GRANTED**.

**IT IS FURTHER ORDERED** that the complaint is **DISMISSED** for failure to state a claim.

**IT IS FURTHER ORDERED** that plaintiff may file an amended complaint that complies with the instructions in this order on or before **March 12, 2025**. If plaintiff files an amended complaint by the deadline, the court will screen the amended complaint under 28 U.S.C. § 1915A. If plaintiff does not file an amended complaint by the deadline, the court will dismiss this case based on his failure to state a claim in his original complaint and will issue him a "strike" under 28 U.S.C. § 1915(g).

**IT IS FURTHER ORDERED** that the Clerk's Office mail plaintiff a blank prisoner amended complaint form and a copy of the guide entitled "Answers to Prisoner Litigants' Common Questions," along with this order.

**IT IS FURTHER ORDERED** that the agency having custody of plaintiff shall collect from plaintiff's prison trust account the full $350 filing fee **by collecting payments from plaintiff's prison trust account in an amount equal to 20% of the preceding month's income credited to the account in any month in which either (1) the balance in the account exceeds $10 or (2) the income credited to the account in the preceding month exceeded $10.** The collected payments shall be sent to the Clerk of Court. The payments shall be clearly identified by the case name and number assigned to this case.

If plaintiff is transferred to another county, state, or federal institution, the transferring institution shall forward a copy of this Order along with his remaining balance to the receiving institution.

**IT IS FURTHER ORDERED** that a copy of this order be sent to the officer in charge of the agency where plaintiff is confined.

**IT IS FURTHER ORDERED** that plaintiffs who are incarcerated at Prisoner E-Filing Program institutions[1] must submit all correspondence and case filings to institution staff, who will scan and e-mail documents to the court. Plaintiffs who are incarcerated at all other prison facilities (or who are not incarcerated) must submit the original document for each filing to the court to the following address:

> Office of the Clerk
> United States District Court
> Eastern District of Wisconsin
> 362 United States Courthouse
> 517 E. Wisconsin Avenue
> Milwaukee, Wisconsin 53202

PLEASE DO NOT MAIL ANYTHING DIRECTLY TO THE JUDGE'S CHAMBERS. It will only delay the processing of the matter.

Plaintiff is further advised that failure to make a timely submission may result in the dismissal of this case for failure to diligently pursue it. In addition, the parties must notify the Clerk of Court of any change of address. Plaintiff is reminded that it is his responsibility to promptly notify the court if he is released from custody or transferred to a different

---

[1] The Prisoner E-Filing Program is mandatory for all prisoners of Green Bay Correctional Institution, Waupun Correctional Institution, Dodge Correctional Institution, Wisconsin Secure Program Facility, Columbia Correctional Institution, and Oshkosh Correctional Institution.

institution. Plaintiff's failure to keep the court advised of his whereabouts may result in the dismissal of this case without further notice.

    Dated at Milwaukee, Wisconsin this 10th day of February, 2025.

/s/ Lynn Adelman\_
LYNN ADELMAN
United States District Judge
